IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN AND THERESA BACON, :
    Plaintiffs :
     : No. 1:18-cv-01686
    v. :
     : (Judge Kane)
USAA CASUALTY INSURANCE :
COMPANY, :
    Defendant :

# MEMORANDUM

Before the Court is Defendant USAA Casualty Insurance Company ("Defendant USAA")'s Motion to Strike Immaterial/Impertinent Matter (Doc. No. 5) in Plaintiffs Brian and Theresa Bacon ("Plaintiffs")'s complaint (Doc. No. 1-3, Exhibit H). For the reasons that follow, Defendant USAA's motion will be granted in part and denied in part.

## I. BACKGROUND

### A. Procedural Background

This case was originally filed in the York County Court of Common Pleas on May 4, 2018, but was removed to the Middle District of Pennsylvania on August 24, 2018. (Doc. No. 1.) On August 31, 2018, the parties filed a joint stipulation to dismiss Defendant Albert Talamantez from the case with prejudice. (Doc. No. 4.) On the same day, Defendant USAA filed the instant Motion to Strike Immaterial/Impertinent Matter, challenging only paragraphs 10, 11, 29, and 30 in Plaintiffs' complaint. (Doc. No. 5.) Defendant USAA thereafter filed a brief in support of the motion to strike on September 11, 2018 (Doc. No. 6), and Plaintiffs filed a brief in opposition on September 25, 2018 (Doc. No. 7). On October 9, 2018, Defendant USAA filed a reply brief. (Doc. No. 8.) Accordingly, the motion has been fully briefed and is ripe for disposition.

### B. Factual Background

The following factual background is taken from the allegations of Plaintiffs' complaint. (Doc. No. 1-3, Exhibit H.) This case arises from Defendant USAA's alleged breach of contract, bad faith handling of Plaintiffs' claim for first-party medical benefits, and failure to pay an underinsured motorist ("UIM") claim submitted by Plaintiffs. (Id.) On or about January 15, 2014, Plaintiff Brian Bacon was involved in a motor vehicle accident in Red Lion, Pennsylvania, wherein the other motorist was allegedly 100% solely negligent in causing the subject motor vehicle crash. (Id. ¶¶ 12, 16.) Plaintiff Brian asserts that, as a result of the accident, he sustained various injuries for which he sought medical treatment, which included orthopedic treatment and physical therapy, as well as surgical intervention. (Id. ¶¶ 17, 18.) Plaintiff Brian alleges that he will continue to have additional need for medical treatment related to the automobile accident, for which he will incur additional medical expenses. (Id. ¶¶ 18, 32.)

At the time of the accident, Plaintiffs were insured by Defendant USAA under a policy of automobile liability insurance, identified by policy number 901128870 (the "Policy"). (Id. ¶ 13.) The Policy provided that Defendant USAA would pay Plaintiffs' medical bills in an amount not to exceed $100,000 for treatment of injuries resulting from an automobile accident, and wage loss coverage up to $2,500 per month, to a maximum payout of $50,000, for wage losses resulting from an automobile accident. (Id. ¶ 14.) The Policy further provided UIM benefits of $100,000 per person, stacked by two vehicles, for a total UIM coverage of $200,000. (Id. ¶ 15.) On May 10, 2017, Plaintiffs settled their third-party claims against the other motorist for $275,000, and Defendant USAA granted UIM consent to the settlement. (Id. ¶ 33.)

According to Plaintiff Brian Bacon, after treating healthcare providers submitted medical bills for his accident-related treatment, subject to the medical coverage provisions of the policy,

2

Defendant USAA hired Disability Consultants. (Id. ¶¶ 19-20.) Disability Consultants then hired Stuart A. Hartman ("Hartman"), Ellen R. Cohen ("Cohen"), and Paul D. Williams ("Williams") to review certain records related to Plaintiff Brian Bacon's treatment, as well as to render independent medical opinions regarding whether such treatment was reasonable and necessary. (Id.) Plaintiffs allege that it is well known to the automobile insurance industry that Disability Consultants will "reliably provide favorable peer review reports" to Defendant USAA. (Id. ¶ 21.) Plaintiffs allege that this in turn means that Hartman, Cohen, and Williams can be predicted to "reliably provide favorable peer review reports" to Disability Consultants, and thus, ultimately, to Defendant USAA. (Id. ¶ 22.)

Plaintiffs allege that, in their respective reports, as to Plaintiff Brian Bacon, Hartman opined that no treatment past June 20, 2016 was reasonable or necessary; Cohen opined that no physical therapy treatment past May 4, 2016 would be considered reasonable or necessary; and Williams opined that maximum medical improvement would have occurred by April 9, 2014. (Id. ¶¶ 23-25.) Plaintiffs allege that after receiving the Hartman report, Defendant USAA paid some medical bills after June 20, 2016, but has not paid for any treatment since May 24, 2017; after receiving the Cohen report, Defendant USAA refused to pay for any accident-related physical therapy treatment after May 5, 2016; and after receiving the Williams report, Defendant USAA refused to pay any accident-related treatment after April 9, 2014. (Id. ¶¶ 26-28.) Consequently, Plaintiffs allege that, due to Defendant USAA's alleged refusal to pay for treatment, Plaintiff Brian Bacon's accident-related medical bills were submitted to his then-existing private health insurance, with companion self-pay provisions. (Id. ¶ 31.)

Plaintiffs' complaint asserts three causes of action against Defendant USAA. First, Plaintiffs assert a breach of contract claim, alleging that Defendant USAA has refused and

3

continues to refuse to make payment for Plaintiff Brian Bacon's medical expenses incurred as a result of the automobile accident, without reasonable justification or authority under either the law or under the terms and conditions of the Policy. (Id. ¶¶ 36-43.) Furthermore, Plaintiffs assert a claim under Pennsylvania's bad faith statute, 42 Pa.C.S. §8371, alleging that Defendant USAA has acted with bad faith toward the Plaintiffs by its use of: allegedly biased medical care providers; an allegedly biased peer review organization; a peer review report addressing causation; and "policies, procedures, and practices which systemically promote and enable these biases and produce sham peer reviews." (Id. ¶¶ 46-50.) Finally, Plaintiffs assert a claim for UIM coverage, alleging that they have faithfully and timely paid Defendant USAA premiums for UIM coverage and are entitled to UIM benefits as a result of the subject motor vehicle accident. (Id. ¶¶ 52-56.) Plaintiffs seek compensatory damages for Defendant USAA's alleged breach of contract, punitive damages, interest, and attorney's fees for Defendant USAA's alleged bad faith, and UIM benefits. (Id. ¶¶ 44, 50, 55-56.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> Immaterial matter is that which has no essential or important relationship to the claim for relief. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action.

Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (quoting Donnelly v. Commonwealth Fin. Sys., No. 07-cv-1881, 2008 WL 76285, at *4 (M.D. Pa. Mar. 20, 2008)). The decision whether or not to grant or deny a motion to strike is within the

4

discretion of the Court.  Id.  Such motions are generally disfavored, and therefore, "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  Lane v. McLean, No. 3:17-cv-428, 2018 WL 1545588, at *1 (M.D. Pa. Mar. 29, 2018) (quoting Yellow Book Sales & Distrib. Co., Inc. v. White, No. 10-3062, 2011 WL 830520, at *4 (E.D. Pa. Mar. 10, 2011)).

## III. DISCUSSION

### A. The Challenged Allegations

As noted above, Defendant USAA challenges the allegations contained in paragraphs 10, 11, 29, and 30 of Plaintiffs' complaint.  These challenged paragraphs allege as follows:

#### 1. Paragraph 10:

> Defendant USAA is a multi-faceted insurance, banking, investment, etc. corporate conglomerate that specifically markets, sells and positions itself as the go-to / best / most trustworthy insurance carrier for military service men and women, to wit:
>
> > WE PROUDLY SERVE MILITARY
> > MEMBERS AND THEIR FAMILIES.
>
> A true and correct copy of USAA's web page as of July 13, 2018 is served and filed herewith as Exhibit "A". Defendant USAA's website continues to represent, promise, warrant and assure it's policy holders, including Plaintiffs, that:
>
> > When you join USAA, *you become a part of a family that stands by you during every stage of your life.*
>
> (Emphasis added), Exhibit "A".  Defendant USAA's coverages and services include the provision of motor vehicle insurance.  Indeed, Defendant USAA offers all encompassing services to active duty and retired military members and their families to include all forms of insurance, banking services, investment and retirement services, etc.  Defendant USAA's aforesaid representations, promises, warranties and assurances were the same if not identical at all times relevant and material herein.

(Doc. No. 1-3, Exhibit H ¶ 10.)

#### 2. Paragraph 11:

5

Plaintiff Brian Bacon is a veteran of the United States Army, who proudly served the United States of America for approximately twenty-two (22) years until his Honorable Discharge on July 30, 2008. Plaintiffs at all times relevant and material herein trusted and reasonably relied upon Defendant USAA's representations, promises, warranties and assurances in choosing USAA to protect themselves and their family and expected Defendant USAA to stand by them and their family during every stage of their lives, especially given Defendant USAA's representations, promises, warranties and assurances insofar as active duty and/or retired military members and their families are concerned.

(Id. ¶ 11.)

3. Paragraph 29:

As a result of Defendant USAA's denials and refusals to pay, the motor vehicle tort Defendants were enabled to argue that Plaintiffs' medical treatment were not causally related to the subject motor vehicle accident, and [] further were enabled to oppose the recovery of ERISA qualified liens from being presented in evidence in the third party case had such liens been otherwise applicable. This was a direct pecuniary disadvantage to Plaintiffs because Plaintiff's treatment was and continues to be accident related but was improperly not paid and continues to improperly not be paid by Defendant USAA as aforesaid.

(Id. ¶ 29.)

4. Paragraph 30:

A similar and especially pernicious result of Defendant USAA's denials and refusals to pay, Defendant USAA will likewise be able to argue that Plaintiffs' past and ongoing medical treatment is not causally related to the subject motor vehicle accident in Plaintiffs' underinsured motorist claim against USAA, and Defendant USAA further stood and stands to be able to oppose the recovery of ERISA qualified liens from being presented in evidence in Plaintiffs' underinsured motorist claim against USAA. This is a direct pecuniary disadvantage to Plaintiffs because Plaintiff's past and ongoing medical treatment was and continues to be accident related but is improperly not being paid by Defendant USAA as aforesaid. Additionally, this is a direct pecuniary advantage to USAA because it gets a double benefit of not being required to pay Plaintiffs' medical bills in the first party context and further USAA gets to significantly diminish the full value of Plaintiffs' underinsured motorist claim.

(Id. ¶ 30.)

### B. Parties' Arguments

Defendant USAA challenges paragraph 10 of Plaintiffs' complaint as immaterial and impertinent, arguing that these allegations seek to prejudice Defendant USAA and to confuse the issues in the case. (Doc. No. 6 at 7.) Defendant USAA maintains that the averments in paragraph 10 attempt to mischaracterize purported warranties made by Defendant USAA to members of the armed forces, which have no relevance to the claims alleged in Plaintiffs' complaint—breach of contract, statutory bad faith, and an underinsured motorist claim. (Id.) Defendant USAA similarly argues that paragraph 11 of Plaintiffs' complaint should be stricken because the allegations contained in that paragraph detail Plaintiff Brian Bacon's military service and his reliance on the advertising materials of Defendant USAA; however, Plaintiffs have not asserted any claim alleging a breach of these purported promises or warranties, rendering the allegations immaterial and impertinent. (Id. at 8.) Third, Defendant USAA argues that paragraph 29 should be stricken from Plaintiffs' complaint because the averments contained in it concern actions undertaken by a third party, not by Defendant USAA, and, consequently, are impertinent and immaterial to this action. (Id. at 9.) Finally, Defendant USAA argues that paragraph 30 should be stricken from Plaintiffs' complaint because it "inappropriately attempts to bolster the Bacons' bad faith claim by casting USAA CIC in a derogatory light for using a peer review to assess the reasonableness and necessity of Bacon's treatment," an action that is specifically authorized by the Pennsylvania Motor Vehicle Financial Responsibility law. (Id. at 9-10.)

In response, Plaintiffs maintain that paragraph 10 should not be stricken from their complaint because the characterization of Defendant USAA contained therein is relevant to the issue of punitive damages alleged in Plaintiffs' complaint, and the allegations regarding

Defendant USAA's advertising representations are relevant to Plaintiffs' bad faith claim. (Doc. No. 7 at 4.) As to paragraph 11, Plaintiffs similarly argue that it should not be stricken from their complaint because the characterization of Defendant USAA and how it markets itself to military families is relevant to the issue of Defendant USAA's alleged bad faith. (Id.) Lastly, Plaintiffs argue that paragraphs 29 and 30 should not be stricken from Plaintiffs' complaint because they simply outline the "factual and legal result" of Defendant USAA's actions, and, therefore, are relevant to their bad faith claim against Defendant USAA. (Id.)

### C. Whether Defendant USAA's Motion to Strike Should Be Granted

#### 1. Paragraphs 10 and 11

The Court addresses paragraphs 10 and 11 together, as both paragraphs relate to Plaintiff Brian Bacon's military service and representations made by Defendant USAA in its advertising materials regarding assurances to members of the military. The Court is persuaded by Defendant USAA's argument that the allegations of these paragraphs detailing Plaintiff Brian's military service and reliance on advertising by Defendant USAA bear no logical relationship to the claims asserted by Plaintiffs here, as Plaintiffs have not asserted a claim for breach of any representations or warranties made by Defendant USAA in its advertising materials. Allegations regarding how Defendant USAA markets itself to members of the military simply do not bear on whether Defendant USAA breached any duty owed to Plaintiffs pursuant to the Policy or under Pennsylvania's bad faith statute. Moreover, such averments may prejudice Defendant USAA by creating an inference that Defendant USAA owed additional duties to Plaintiffs and breached those duties. See Clemens v. New York Cent. Mut. Fire Ins. Co., No. 3:13-cv-2447, 2014 WL 690823, at *10 (M.D. Pa. Feb. 24, 2014) (granting, in a breach of contract and bad faith action arising out of a motor vehicle insurance policy, motion to strike allegations that an insurer failed

to help an insured in accordance with the advertising through which the insurer solicited policy holders). Accordingly, the Court will grant Defendant USAA's request to strike paragraphs 10 and 11 of Plaintiffs' complaint.

### 2. Paragraph 29

The Court will deny Defendant USAA's request to strike paragraph 29 from Plaintiffs' complaint. While the averments in paragraph 29 discuss grievances directed at a third party, they also discuss how Defendant USAA has allegedly improperly refused to pay for Plaintiffs' treatment. (Doc. No. 1-3, Exhibit H ¶ 29.) These allegations concerning Defendant USAA's alleged improper refusal to pay could relate to Plaintiffs' claim that Defendant USAA materially breached a duty owed to Plaintiffs under the Policy and, as a result, may be relevant to the subject matter of the controversy. Accordingly, Defendant USAA's request to strike paragraph 29 of Plaintiffs' complaint will be denied.

### 3. Paragraph 30

The Court will also deny Defendant USAA's request to strike paragraph 30 of Plaintiffs' complaint. While the averments in paragraph 30 reference how Defendant USAA might act in the future, they also discuss how Defendant USAA has refused to pay for Plaintiffs' treatment, and how Defendant USAA might use those refusals to its advantage. (Doc. No. 1-3, Exhibit H ¶ 30.) These averments could bear some possible relation to whether Defendant USAA breached a duty owed under the Policy or imposed by Pennsylvania's bad faith statute. See Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017) (finding that evidence of an insurance company's motive of self-interest or ill-will may be probative of a bad faith claim). Therefore, Defendant USAA's request to strike paragraph 30 of Plaintiffs' complaint will be denied.

## IV. CONCLUSION

Based upon the foregoing, the Court will grant in part and deny in part Defendant USAA's motion to strike. (Doc. No. 5.) The Court will grant Defendant USAA's motion to strike paragraphs 10 and 11 of Plaintiffs' complaint, and deny its motion to strike paragraphs 29 and 30 of Plaintiffs' complaint. An appropriate Order follows.